IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS EDWARDS, JOHN HIGHTOWER, MUWSA GREEN, LAEL BROWN, ANTONIO BUNDY, WALTER SMITH, BOOKER CARTER, CAREY JONES, ISHMAEL PALERMO,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **J. RIVELLO, A. WAKEFIELD, N. DAVIS, KERI MOORE, GEORGE M. LITTLE,** : <br> : <br> **Defendants** : | CIVIL ACTION NO. 1:23-CV-156 <br><br> (Judge Conner) |

## MEMORANDUM

Plaintiff Nicholas Edwards ("Edwards"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntindgon"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his rights regarding the conditions of confinement at SCI-Huntindgon. (Doc. 1). Named as defendants are Warden J. Rivello, Facility Grievance Coordinator A. Wakefield, Medical Department Supervisor N. Davis, Chief Grievance Officer Keri Moore, and Secretary George M. Little. Edwards includes eight other inmates as plaintiffs in this action, however they did not sign the complaint.[1] Along with the

---

[1] The other inmate-plaintiffs set forth in the complaint are Booker Carter, Lael Brown, John Hightower, Ishmael Palermo, Muwsa Green, Antonio Bundy, Walter Smith, and Carey Jones. (Doc. 1 at 3). To date, the following individuals have filed motions for leave to proceed *in forma pauperis*: Booker Carter (Docs. 8, 9), Lael Brown (Docs. 12, 13), John Hightower (Docs. 14, 15), and Ishmael Palermo (Docs. 16, 17). Muwsa Green has submitted the $402.00 filing fee (see Doc. 18), as well as an application to proceed *in forma pauperis* (Doc. 22). Antonio Bundy,

complaint, Edwards filed a motion (Doc. 10) for leave to proceed *in forma pauperis* and a motion (Doc. 4) for class certification. The matter is before the court for a statutorily mandated screening review. While we will grant Edwards' motion to proceed *in forma pauperis*, we will deny his request for class certification. We will also dismiss without prejudice the inmates who did not sign the complaint.

I.      **Legal Standards**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set

---

Walter Smith, and Carey Jones failed to file a motion for leave to proceed *in forma pauperis* or submit the requisite filing fee.

forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED. R. CIV. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"

Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**II.    Discussion**

In the complaint, Edwards sets forth Eighth Amendment violations regarding conditions of confinement, a violation of his rights under the Americans with Disability Act, and a negligence claim.  (Doc. 1).  The allegations pertain to conditions on the CB and BA blocks at SCI-Huntingdon.  (Id. at 4).  Edwards alleges that the housing blocks are infested with vermin, there is no ventilation or airflow, extreme heat and excessive noise, contaminated drinking water, poor plumbing, friable asbestos, mold, odors, unclean bathrooms, and poorly maintained kitchen equipment, such as a leaking dishwasher.  (Id. at 5-7).  He contends that these conditions have "endanger[ed] [his] health personally because [he has] asthma."  (Id. at 5).  As a result of these conditions, Edwards experienced difficulty breathing,

a nosebleed, chest pain, watery and dry eyes, headaches, fever, coughing, dysentery, stomach pain, difficulty sleeping, lack of energy, and depression. (Id. at 5-6). He alleges that he was denied medical care for these ailments. (Id. at 5).

Edwards purports to bring this lawsuit as a class action on behalf of eight other named inmates who are similarly situated and additional, unnamed inmates at SCI-Huntingdon. (Docs. 1, 4). The eight inmate-plaintiffs did not sign the complaint but are named in Edwards' complaint. (See Doc. 1).

Pursuant to Rule 23 of the Federal Rules of Civil Procedure there are four prerequisites which must be met before Edwards' proposed class action may be certified. To obtain class certification, Edwards must show that:

   (1) the class is so numerous that joinder of all members is impracticable;
   (2) there are questions of law or fact common to the class;
   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
   (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); see also Gonzalez v. Owens Corning, 885 F.3d 186, 192 (3d Cir. 2018) ("The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence"). A district court can only certify a class if all four requirements of Rule 23(a) are met. See In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n. 6 (3d Cir. 2008); In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09 (3d Cir. 1998). Since all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to Edwards' proposed inmate class

5

action. Once all four requirements of Rule 23(a) are satisfied, the class may be certified if at least one of the three subsections of Rule 23(b) are met. FED. R. CIV. P. 23(b).

Here, turning first to Rule 23(a)'s requirement that "the representative parties will fairly and adequately protect the interests of the class," we find that Edwards cannot serve as a fair and adequate class representative. FED. R. CIV. P. 23(a)(4). In this regard, Edwards clearly intends to personally direct this class action. (See Doc. 4). Edwards is a *pro se* prisoner without formal training in the law and would not be able to adequately represent the interests of the class and maintain the suit as a class action. It is well-settled that "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Bd., 160 F. App'x 249, 250 n. 1 (3d Cir. 2005) (citations omitted).[2] Thus, "*pro se* litigants are generally not appropriate as class representatives." Hagan v. Rogers, 570 F.3d 146, 158-59 (3d Cir. 2009) (citation omitted). Since Edwards, a *pro se* inmate litigant intends to serve as a class representative, his request for class certification does not meet the threshold consideration that the representative party will fairly and adequately protect the interests of the class. Accordingly, Edwards' motion to pursue this matter as a class action on behalf of the fellow inmate-plaintiffs will be denied. Because Edwards fails to satisfy at least one of the

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

requirements of Rule 23(a), we need not consider whether he has shown that the proposed class satisfies one of the three requirements listed in Rule 23(b).

Although this action was purportedly brought in the name of Edwards and eight other inmates, namely, John Hightower, Muwsa Green, Lael Brown, Antonio Bundy, Walter Smith, Booker Carter, Carey Jones, and Ishmael Palermo, the complaint was signed solely by Edwards. (Doc. 1 at 9). Rule 11 of the Federal Rules of Civil Procedure requires that every pleading be signed by the party filing it, or by that party's attorney. FED. R. CIV. P. 11(a). Edwards is not an attorney and cannot sign pleadings on behalf of anyone. 61B Am.Jur.2d Pleading § 835 (2011) ("A pleading that purports to be filed on behalf of more than one party to a matter must be signed by each party or, if a party is represented, by the party's attorney."). Accordingly, because Edwards is not an attorney, and the eight other inmates on whose behalf he purports to file this lawsuit did not sign the complaint, the eight other inmates will be dismissed without prejudice.

### III. Conclusion

In accordance with the foregoing, Edwards' motion (Doc. 10) to proceed *in forma pauperis* will be granted and his motion (Doc. 4) to proceed as a class action will be denied. The court will direct service of the complaint, on behalf of Edwards, on the defendants.

The motions (Docs. 8, 12, 14, 16, 22) to proceed *in forma pauperis* by Booker Carter, Leal Brown, John Hightower, Ishmael Palermo, and Muwsa Green will be

denied, and the Clerk of Court will be directed to return the $402.00 filling fee to Muwsa Green.  Additionally, Antonio Bundy, Walter Smith, and Carey Jones will be dismissed from this action for failure to comply with the court's January 30, 2023, 30-Day Administrative Order.  (Doc. 7).

An appropriate order follows.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:       March 22, 2023