UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS EDWARDS,<br><br>            Plaintiff<br><br>    v.<br><br>J. RIVELLO, *et al.*,<br><br>            Defendants. | CIVIL ACTION NO. 1:23-CV-00156<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Nicholas Edwards ("Edwards"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 38). Presently before the Court is a motion for judgment on the pleadings filed on behalf of Defendants Rivello, Wakefield, Davis, Moore, and Little. (Doc. 49). Defendants assert that Edwards' claims are barred by his failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons that follow, the Court will grant the motion for judgment on the pleadings based on Edwards' failure to exhaust administrative remedies.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Edwards filed his original complaint on January 27, 2023. (Doc. 1). He subsequently filed an amended complaint. (Doc. 38). In the amended complaint, Edwards lodges claims based on the conditions of confinement at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") and based on the response to his medical needs. (Doc. 38).

Edwards is housed on the BA block at SCI-Huntingdon. (Doc. 38, at 3, ¶ 13). He alleges that the cell block is infested with vermin, there is poor ventilation, extreme heat and

excessive noise, contaminated drinking water, inadequate plumbing, asbestos, mold, odors, dust, unclean bathrooms, and cold food. (Doc. 38, at 3, ¶¶ 13-14; Doc. 38, at 4, ¶¶ 23-24 Doc. 38, at 5, ¶¶ 31, 35; Doc. 38, at 9, ¶ 62). He also asserts there is inadequate ventilation in the showers that causes odors, heat and humidity, and there are nude inmates in the shower room. (Doc. 38, at 9, ¶ 61). Edwards further alleges that he was exposed to secondhand smoke and the main kitchen has inadequate equipment, such as a leaking dishwasher. (Doc. 38, at 3, ¶ 20; Doc. 38, at 10, ¶ 63). He claims that Defendants were aware of, but failed to address, these conditions. (Doc. 38, at 3, ¶ 15; Doc. 38, at 10, ¶ 68). As a result of his exposure to these conditions, Edwards allegedly experienced difficulty breathing, trouble sleeping, back pain, decreased energy, stress, depression, chest pain, coughing, watery and dry eyes, headaches, allergic reactions, dysentery, and a nosebleed. (Doc. 38, at 4, ¶¶ 27-28; Doc. 38, at 5, ¶¶ 31, 33, 35-36; Doc. 38, at 8, ¶ 52).

Defendants moved to dismiss the amended complaint on July 10, 2023. (Doc. 40). On December 5, 2023, the Court granted the motion in part and denied the motion in part. (Doc. 44; Doc. 45). The remaining claims are an Eighth Amendment conditions of confinement claim against Rivello, Wakefield, and Davis, and an Americans with Disabilities Act ("ADA") claim against the Defendants in their official capacities. Defendants answered the amended complaint on December 11, 2023. (Doc. 47; Doc. 48). Defendants then moved for judgment on the pleadings, arguing that they are entitled to judgment because Edwards failed to exhaust administrative remedies prior to filing suit.[1] (Doc. 49). The motion is ripe for disposition.

---

[1]On December 28, 2023, the Court issued an Order apprising the parties that it would consider exhaustion in its role as factfinder in accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) and *Small v. Camden Cnty.*, 728 F.3d 265 (3d Cir. 2013), and afforded the

**II.    LEGAL STANDARDS**

A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment. *Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007). Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). To succeed on a Rule 12(c) motion, the movant must clearly establish that no material issue of fact remains to be resolved and that the movant "is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); *see* 5C Charles Alan Wright *et al.*, Federal Practice and Procedure § 1368 (3d ed. 2015).

A Rule 12(c) motion for judgment on the pleadings is decided under a standard similar to a Rule 12(b)(6) motion to dismiss. *See Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). That is, judgment on the pleadings should be granted only when, accepting as true the facts alleged by the nonmovant and drawing "all reasonable inferences" in that party's favor, the movant is entitled to judgment as a matter of law. *See Zimmerman*, 873 F.3d at 417-418 (citation omitted). In deciding motions for judgment on the pleadings, courts may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

---

parties the opportunity to supplement the record with any additional evidence relevant to exhaustion of administrative remedies. (Doc. 51).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. DISCUSSION

Defendants seek judgment on the pleadings based on Edwards' purported failure to exhaust administrative remedies. Under the PLRA, prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. § 1997e(a). The PLRA requires proper exhaustion, meaning that plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi v. United States*, 904 F.3d 257, 268 (2018) (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Rinaldi*, 904 F.3d at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)).

4

When a defendant asserts failure to exhaust administrative remedies based on indisputably authentic documents related to the plaintiff's administrative exhaustion attempt, the issue may be considered in the context of a motion for judgment on the pleadings. *See Rinaldi*, 904 F.3d at 262 n.1 (stating that indisputably authentic documents related to administrative exhaustion could be considered in deciding motion to dismiss). The court must continue to accept all factual allegations in the plaintiff's complaint as true for the purpose of resolving the motion and may not resolve disputed issues of fact. *See Rinaldi*, 904 F.3d at 262 n.1.

Exhaustion of administrative remedies in the DOC is governed by the DOC's grievance policy, DC-ADM 804. Under DC-ADM 804, a prisoner must first submit a written grievance with the Facility Grievance Coordinator within fifteen days from the date of the incident. DC-ADM 804 § 1(A)(8), available at https://www.cor.pa.gov/About% 20Us/Documents/DOC% 20Policies/804% 20Inmate% 20Grievances.pdf (last visited May 14, 2024). DC-ADM 804 provides that the grievance must "be legible [and] understandable"; "include a statement of the facts relevant to the claim" as well as "the date, approximate time, and location of the event(s) that gave rise to the grievance"; that the prisoner "identify individuals directly involved in the event(s)" and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law"; and that the grievance include "the specific relief sought," including "compensation or other legal relief normally available from a court." DC-ADM 804 § 1(A)(11). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. DC-ADM 804 § 2(A)(1)(a). Finally, the inmate must submit an

appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. DC-ADM 804 § 2(B)(1)(b).

While housed at SCI-Huntingdon in 2022, Edwards filed eleven grievances. (*See* Doc. 47-1; Doc. 48-1). However, of those eleven grievances, Edwards only appealed the following two grievances to final review.

On August 8, 2022, Edwards filed grievance number 992873, wherein he complained of extreme heat, poor ventilation, and dust and lint accumulation. (Doc. 47-2, at 2; Doc. 48-2, at 2). Initial review of this grievance was conducted on August 10, 2022. (Doc. 47-2, at 3; Doc. 48-2, at 3). The Facility Grievance Coordinator—Defendant Wakefield—rejected Edwards' grievance, finding that he failed to comply with DC-ADM 804, as the grievance was not submitted within fifteen working days of the events upon which the claims were based. (Doc. 47-2, at 3; Doc. 48-2, at 3). Edwards appealed the first-level denial to the Facility Manager—Defendant Rivello. (Doc. 47-2, at 4; Doc. 48-2, at 4). Defendant Rivello upheld the Grievance Coordinator's decision, again finding that Edwards failed to comply with DC-ADM 804. (Doc. 47-2, at 5; Doc. 48-2, at 5). Edwards then appealed to SOIGA. (Doc. 47-2, at 6; Doc. 48-2, at 6). On final review, the Grievance Officer—Defendant Moore—dismissed the appeal and found that Edwards' grievance was properly rejected at the facility level as untimely filed. (Doc. 47-2, at 1; Doc. 48-2, at 1). Defendant Moore reiterated that, "as the Superintendent had stated, [Edwards] had the opportunity to resubmit [his] grievance and show timeliness but opted to appeal instead." (Doc. 47-2, at 1; Doc. 48-2, at 1).

On December 8, 2022, Edwards filed grievance number 1011055, wherein he alleged that, on three separate dates, he suffered from stomach pain from drinking sink water, and that there were vermin in the prison and insects in his cell. (Doc. 47-3, at 2; Doc. 48-3, at 2).

Initial review of this grievance was conducted on August 10, 2022. (Doc. 47-3, at 3; Doc. 48-3, at 3). The Facility Grievance Coordinator—Defendant Wakefield—rejected Edwards' grievance, finding that he failed to comply with DC-ADM 804, as the grievance contained multiple complaints, and grievances based upon different events must be presented separately. (Doc. 47-3, at 3; Doc. 48-3, at 3). Edwards appealed the first-level denial to the Facility Manager—Defendant Rivello. (Doc. 47-3, at 4; Doc. 48-3, at 4). Defendant Rivello upheld the Grievance Coordinator's decision, again finding that Edwards failed to comply with DC-ADM 804. (Doc. 47-3, at 5; Doc. 48-3, at 5). Edwards then appealed to SOIGA. (Doc. 47-3, at 6; Doc. 48-3, at 6). On final review, the Grievance Officer—Defendant Moore—dismissed the appeal and found that Edwards' grievance was properly rejected at the facility level for failure to comply with the provisions of DC-ADM 804. (Doc. 47-3, at 1; Doc. 48-3, at 1). Defendant Moore again advised Edwards that "[g]rievances based upon different events must be presented separately." (Doc. 47-3, at 1; Doc. 48-3, at 1).

Two conclusions can be drawn from this grievance history. First, Edwards never identified any of the Defendants in his grievances as committing an act or omission that potentially violated his constitutional rights. Defendant Wakefield's only involvement in the grievance process was in her role as Facility Grievance Coordinator for the initial-level grievance review. Defendant Rivello's only involvement in the grievance process was in his role as superintendent/Facility Manager for the second-level grievance review. Defendant Moore's only involvement in the grievance process was in her role as Grievance Officer for the final-level grievance review. Investigating and denying a grievance appeal that alleges inadequate conditions of confinement is not equivalent to being deliberately indifferent to a prisoner's complaints. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (not

precedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process"). Edwards is not excused from administratively exhausting claims against Wakefield, Rivello, and Moore—as required by the PLRA—simply because, in their respective roles in the grievance process, they denied relief under DC-ADM 804. With respect to Defendant Davis, the medical department supervisor, and Defendant Little, the Secretary of the DOC, they were not identified in any way in the prison's grievance review process and are not named in the grievances. Edwards never exhausted any grievance against Defendants Wakefield, Rivello, Moore, Davis, or Little.

Second, despite Edwards' failure to name any of the Defendants in his grievances, he did not properly exhaust his conditions of confinement claim and did not even raise, let alone properly exhaust, his ADA claim. With respect to the conditions of confinement claims in grievance numbers 992873 and 1011055, Edwards did appeal the grievances to SOIGA; however, SOIGA dismissed the final appeals for failure to comply with DC-ADM 804. On both occasions, Edwards was advised that he may resubmit the grievances to comply with the provisions of DC-ADM 804. Edwards failure to cure the deficiencies. It is clear that Edwards' grievances were dismissed on procedural grounds. A prisoner's failure to comply with the procedural and substantive requirements of the DOC's grievance policy, as set forth in DC-ADM 804, results in procedural default, thereby precluding an action in federal court. *See Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).

In an attempt to excuse his procedural default of grievance numbers 992873 and 1011055, Edwards generally asserts that "the grievance policy and the decision are inade[q]uate." (Doc. 58, at 1). He further contends that he was not required to name the

8

Defendants in his grievances, and Wakefield and Rivello's roles in the grievance process are sufficient to establish their personal involvement. (Doc. 58, at 1). Edwards' arguments are unavailing. The DOC has specific requirements for grievances submitted by inmates. Those requirements include, among other things, that the grievance contain a statement of the facts relevant to the claim; the date, time, and location of the events giving rise to the grievance; and the individuals directly involved in the events. DC-ADM 804 § 1(A)(11). Edwards failed to comply with these listed requirements. And, as stated *supra*, to the extent that Edwards attempts to hold any of the Defendants liable based upon their involvement in the grievance procedure, this claim fails. It is well-established that the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992).

Edwards has not provided any basis to excuse his failure to exhaust administrative remedies. In sum, neither of the relevant grievances, numbers 992873 and 1011055, were properly exhausted and they are procedurally defaulted.

IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). The undisputed evidence establishes that Edwards failed to exhaust his claims. Under these

circumstances, the Court finds that allowing further leave to amend would be inequitable and futile.

## V. CONCLUSION

For the reasons set forth herein, the Court will grant the motion for judgment on the pleadings. (Doc. 49). An appropriate Order shall follow.

Dated: May 20, 2024                                         *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States District Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS EDWARDS,<br><br>      Plaintiff<br><br>    v.<br><br>J. RIVELLO, *et al.*,<br><br>      Defendants. | CIVIL ACTION NO. 1:23-CV-00156<br><br>(MEHALCHICK, J.) |

## ORDER

AND NOW, this 15th day of May, 2024, upon consideration of Defendants' motion (Doc. 49) for judgment on the pleadings, and the parties' respective briefs in support of and in opposition to said motion, and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

1. The motion (Doc. 49) is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of Defendants Rivello, Wakefield, Davis, Moore, and Little, and against Plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this Order is deemed frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

_____
**KAROLINE MEHALCHICK**
**United States District Judge**