UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS EDWARDS,<br><br>        Plaintiff<br><br>    v.<br><br>J. RIVELLO, *et al.*,<br><br>        Defendants. | CIVIL ACTION NO. 1:23-cv-00156<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Nicholas Edwards ("Edwards"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 38). Named as Defendants are Warden Rivello, Facility Grievance Coordinator Wakefield, Medical Department Supervisor Davis, Chief Grievance Officer Moore, and Secretary Little. By Memorandum and Order dated May 20, 2024, the Court granted Defendants' motion for judgment on the pleadings based on Edwards' failure to exhaust his administrative remedies and entered judgment in their favor. (Doc. 65; Doc. 66; Doc. 67). Before the Court are Edwards' objections (Doc. 69) to the Court's May 20, 2024, Memorandum. The Court will construe Edwards' objections as a motion for reconsideration and will deny the motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Edwards filed his original complaint on January 27, 2023. (Doc. 1). He subsequently filed an amended complaint. (Doc. 38). In the amended complaint, Edwards lodges claims based on the conditions of confinement at the State Correctional Institution at Huntingdon and based on the response to his medical needs. (Doc. 38).

Defendants initially moved to dismiss the amended complaint on July 10, 2023. (Doc. 40). On December 5, 2023, the Court granted the motion in part and denied the motion in part. (Doc. 44; Doc. 45). As a result, the remaining claims were an Eighth Amendment conditions of confinement claim against Rivello, Wakefield, and Davis, and an Americans with Disabilities Act claim against the Defendants in their official capacities. Defendants then moved for judgment on the pleadings, arguing that they were entitled to judgment because Edwards failed to exhaust the available administrative remedies prior to filing suit in federal court. (Doc. 49). On May 20, 2024, the Court granted Defendants' motion and entered judgment in their favor. (Doc. 65; Doc. 66; Doc. 67).

On June 4, 2024, Edwards filed "Objections" to the Court's May 20, 2024, Memorandum and Order. (Doc. 69). Specifically, he "object[s] to the Legal Standards and Discussion" set forth in the Court's May 20, 2024, Memorandum, and argues that he has exhausted his administrative remedies as the DOC's administrative remedy program is "so opaque" that is incapable of use. (Doc. 69, at 1-2). Edwards did not file a brief in support of his objections, and Defendants have not filed any response. Accordingly, Edwards' objections are ripe for disposition. The Court will construe Edwards' objections as a motion for reconsideration of the Court's May 20, 2024 Memorandum and Order.

II.    **LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or present newly discovered evidence." *Hernandez v. United States*, 608 F. App'x 105, 109 (3d Cir. 2015) (not precedential) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Such a motion may be granted based on one of three grounds: (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct

clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). As such, a party may not rely on evidence that has already been submitted to support a motion for reconsideration. *Harsco*, 779 F.2d at 909. A motion for reconsideration is not a vehicle to simply "reargue matters already argued and disposed of." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 313 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994) (citing *Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D. Va. 1984)). A party's mere dissatisfaction with a ruling "is not a proper basis for reconsideration." *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004) (quoting *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, Civ. No. 98-cv-3610, 2000 WL 133756, *2 (E.D. Pa. Feb. 4, 2000)). Given the importance of finality in legal judgments, motions for reconsideration should be granted sparingly. *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998).

### III.    DISCUSSION

In his motion for reconsideration, Edwards does not present an intervening change in controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact, or to prevent manifest injustice. Rather, he reiterates arguments that were previously raised, and considered, by the Court. For example, Edwards presently argues that the grievance policy is unclear and, in his brief in opposition to Defendants' motion for judgment on the pleadings, Edwards similarly argued that the grievance policy was inadequate. (Doc. 58, at 1; Doc. 69, at 2). Further, Edwards appears to disagrees with the Court's determination that Defendants met their burden of showing, on the basis of the pleadings, that they were entitled to judgment as a matter of law. *See Waye*, 846 F. Supp. at 314 (finding that "[a] motion for reconsideration is not to be used to reargue

matters already argued and disposed of."); *see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). Nothing in Edwards' motion causes the Court to reconsider its decision granting Defendants' motion for judgment on the pleadings. Reconsideration is denied.

### IV.  CONCLUSION

For the foregoing reasons, the Court will deny the motion (Doc. 69). An appropriate Order shall issue.

Dated: July 11, 2024                                     *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States District Judge**